**Opinion filed August 31, 2011**



In The

# Eleventh Court of Appeals

———————

## No. 11-09-00265-CR

———————

**WILLIAM KEVIN CHAPMAN, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-35,830**

## O P I N I O N

The jury convicted William Kevin Chapman of two counts of sexual assault of a child (Counts One and Two) and five counts of indecency with a child (Counts Three through Seven). The jury assessed punishment at confinement for a term of six years for each sexual assault offense and confinement for a term of two years for each indecency with a child offense. The trial court sentenced appellant accordingly and ordered that the sentences run concurrently. The trial court entered separate judgments on each of the counts. Because we conclude that the evidence was legally insufficient to support appellant's conviction on Count Four, we reverse the trial court's judgment and render an acquittal on Count Four. We affirm the trial court's judgments on Counts One, Two, Three, Five, Six, and Seven.

*The Charged Offenses*

The indictment referred to the child as "A.L.B." At the time of the alleged offenses, A.L.B. was fourteen years old. The indictment alleged that the offenses in Counts One through Five occurred on or about September 22, 2007. Counts One and Two alleged that appellant sexually assaulted A.L.B. by penetrating her mouth with his sexual organ and by penetrating her sexual organ with his finger. Counts Three through Five alleged that appellant engaged in sexual contact with A.L.B. by touching her sexual organ with his finger, by touching her breast with his hand, and by making her touch his sexual organ. The indictment alleged that the offenses in Counts Six and Seven occurred on or about September 15, 2007. Counts Six and Seven alleged that appellant engaged in sexual contact with A.L.B. by making her touch his sexual organ and by touching her breast with his hand.

*Issues on Appeal*

Appellant presents seven points of error for review. Appellant's first three points relate to the guilt/innocence phase of the trial. In his first point, appellant contends that the trial court erred by denying his motion for mistrial that was based on allegedly improper jury argument. In his second and third points, appellant challenges the legal and factual sufficiency of the evidence to support his convictions. Appellant's last four points relate to the punishment phase of the trial. In his fourth and fifth points, appellant challenges the legal and factual sufficiency of the evidence to support what he contends was a jury finding at the punishment phase that the alleged offenses occurred on or after September 1, 2007. Based on this allegedly unsupported finding, appellant asserts that the jury could not consider him for community supervision. In his sixth point, appellant contends that the evidence at the punishment phase was legally insufficient to prove that he committed an extraneous offense. In his seventh point, appellant contends that the trial court erred by admitting evidence of the extraneous offense.

*Sufficiency of the Evidence Standard of Review*

We will first address appellant's challenges to the sufficiency of the evidence to support his convictions. We note at the outset of our analysis that the Texas Court of Criminal Appeals has now held in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010), that there is "no meaningful distinction between the *Jackson v. Virginia*[1] legal-sufficiency standard and the

---

[1]*Jackson v. Virginia*, 443 U.S. 307 (1979).

*Clewis*[2] factual-sufficiency standard"; that the *Jackson v. Virginia* standard is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt"; and that "[a]ll other cases to the contrary, including *Clewis*, are overruled." *Brooks*, 323 S.W.3d at 895, 902, 912 (footnotes added). Accordingly, a challenge to the factual sufficiency of the evidence is no longer viable. We also note that appellant did not have the benefit of the opinion in *Brooks* when this case was briefed. We will review appellant's sufficiency challenges under the legal sufficiency standard set forth in *Jackson v. Virginia*. Under this standard, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307; *Brooks*, 323 S.W.3d at 899.

### The Evidence at Trial

Shortly after her fourteenth birthday, A.L.B. started taking guitar lessons from appellant at T.J. Rabbit's music store in Odessa. Appellant was thirty years old at that time. A.L.B.'s mother usually paid for the lessons by check. The earliest check for a lesson was dated June 21, 2007, and the last check for a lesson was dated September 28, 2007. A.L.B. believed that she had between ten and twelve lessons. The evidence showed that her mother wrote eleven checks for lessons.

A.L.B. testified that the lessons took place in the guitar room at the store. She said that appellant kissed her at some of the lessons. She said that, by late August or early September, "[t]here were more intimate actions going on, deeper than just kissing." During her testimony, A.L.B. described in detail two incidents that she said happened in September. She said that, during the first incident, appellant told her that he had been unable to stop staring at her breasts at an earlier lesson. A.L.B. testified that she and appellant then played truth or dare and that appellant told her he "would do anything." Appellant told A.L.B. that he was going to change clothes. He took some sweatpants out of a bag that was underneath the desk in the guitar room. A.L.B. said that she covered her face with her hands but that appellant spread her fingers apart so that she could see him change. Appellant was not wearing anything under the sweatpants. A.L.B. testified that there was an opening in the front of the sweatpants and that appellant took his penis out of the sweatpants with his hand. A.L.B. testified that appellant's penis was "hard."

[2]*Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996).

Appellant asked her whether she wanted to touch his penis, and she responded, "Sure." Appellant stood up and lowered his pants. A.L.B. testified that appellant had a shaved pubic area. A.L.B. said that she touched appellant's penis with her hand. She said that appellant took her hand and stroked his penis with it. Appellant asked A.L.B. whether she had ever seen a penis ejaculate. She responded that she had not. Appellant then asked her whether she would like to see a penis ejaculate, and she said, "Sure." A.L.B. said that appellant asked her to touch his "balls" and that she responded, "Okay." She said that she massaged appellant's "balls" while he stroked his penis. A.L.B. said that appellant ejaculated on the floor near the desk that was in the guitar room. A.L.B. also testified that appellant touched her breasts with his hand and kissed her breasts during this first incident.

A.L.B. testified that she was scared to tell her mom about what had happened and that she promised appellant that she would not tell anyone about what had happened. A.L.B. testified that the second incident occurred in a small hallway that connected the guitar room and the store. A.L.B. said that she and appellant were involved in "very aggressive kissing." A.L.B. said that appellant repeatedly requested her to give him oral sex. She testified that she initially denied appellant's requests but eventually gave him oral sex. A.L.B. said that she stopped giving appellant oral sex and that she and appellant then resumed "aggressive kissing." She said that appellant moved his hand down and then "fingered [her]." A.L.B. said that, after appellant finished, he "[l]icked [his hand] and put it in his mouth."

A.L.B. believed that she had two more lessons after the second incident occurred. She testified that nothing happened at these lessons. The evidence showed that A.L.B.'s mother paid by check four times for lessons in September. A.L.B. testified that she told her friend, Sarah, about what had happened. A.L.B. was afraid to tell her mother. A.L.B. testified that she started "cutting" herself and that she cut her wrist. She talked to a counselor at school. The counselor asked her why she had cut herself. A.L.B. told him that "there was something going on with an older person." The counselor called A.L.B.'s mother, and she came up to the school. A.L.B. said that she then told her mother and the counselor the "whole story" and that her mother and the counselor called the police.

Based on A.L.B.'s complaint, the police obtained a search warrant for T.J. Rabbit's and a search warrant to obtain biological physical evidence from appellant. During the investigation, pictures of appellant's pubic area were taken. The pictures showed that appellant had a shaved

4

pubic area. Police officers also collected various samples from the guitar room for DNA testing. That testing revealed that no semen was present in any of the samples.

*Analysis*

Appellant relies on inconsistencies in A.L.B.'s testimony and the lack of DNA evidence supporting her claims in arguing that the evidence was insufficient to support his convictions. The jury, as the trier of fact, was the sole judge of the credibility of the witnesses and of the weight to be given to their testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979). As such, the jury was entitled to resolve any conflicts in A.L.B.'s testimony against appellant and to conclude that any inconsistencies in her testimony were inconsequential. *Cain v. State*, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997); *Empty v. State*, 972 S.W.2d 194, 196-97 (Tex. App.—Dallas 1998, no pet.). The testimony of a child victim alone is sufficient to support convictions for sexual assault of a child and indecency with a child. TEX. CODE CRIM. PROC. ANN. art. 38.07 (Vernon 2005); *Perez v. State*, 113 S.W.3d 819, 838 (Tex. App.—Austin 2003, pet. ref'd); *Tear v. State*, 74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. ref'd). The photographs of appellant's pubic area corroborated A.L.B.'s testimony that appellant had a shaved pubic area. Viewing all the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found all the elements of the offenses in Counts One, Two, Three, Five, Six, and Seven beyond a reasonable doubt. Therefore, the evidence is sufficient to support appellant's convictions for those offenses. Appellant's second and third points of error are overruled as to these convictions. However, there was no evidence that appellant touched A.L.B.'s breast with his hand during the second incident. Therefore, we conclude that the evidence is legally insufficient to support appellant's conviction for the offense alleged in Count Four. Appellant's second point of error challenging the legal sufficiency of the evidence is sustained as to Count Four. Because a challenge to the factual sufficiency of the evidence is no longer viable and because we have held that the evidence is legally insufficient to support appellant's conviction on Count Four, we do not reach appellant's factual sufficiency claim as to Count Four.

*Jury Argument*

Appellant argues in his first point of error that the trial court erred by denying his motion for mistrial based on improper jury arguments by the State. We review a trial court's denial of a motion for mistrial under an abuse of discretion standard. *Hawkins v. State*, 135 S.W.3d 72, 77

(Tex. Crim. App. 2004). Proper jury argument generally falls within one of four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008); *Esquivel v. State*, 180 S.W.3d 689, 692 (Tex. App.— Eastland 2005, no pet.). Counsel is allowed wide discretion in drawing inferences from the record that are reasonable, fair, legitimate, and offered in good faith. *Shannon v. State*, 942 S.W.2d 591, 597 (Tex. Crim. App. 1996).

On appeal, appellant complains that the prosecutor engaged in improper jury argument in three instances. First, appellant contends that the prosecutor improperly commented on extraneous offenses that had not been admitted into evidence. The following exchange took place during appellant's counsel's argument:

> [DEFENSE COUNSEL]: There is not one shred of evidence that [appellant] has so much as even gotten a speeding ticket in his life. Not one shred of evidence that he had ever committed –
>
> [PROSECUTOR]: Your Honor, I object that there is rules of evidence that allow and do not allow certain types of evidence to come into a court of law, and [appellant's counsel] is basically graying those lines without the jury knowing what those lines are.
>
> THE COURT: The jury will have the Court's Charge to guide them through their deliberations. Overruled.

Later, appellant's counsel stated, "So they are asking you to convict a man when there is no evidence that he has ever been in trouble in his life before."

During the State's rebuttal argument, the prosecutor responded to the argument by appellant's counsel. The following exchange took place:

> [PROSECUTOR]: [Appellant's counsel] also sat up here and told you there was nothing about any prior tickets or anything else, any extraneous offenses or anything else. He said that to you just a second ago. And I objected, and there is a reason for that. Because the law does not allow you to hear about those things.
>
> [DEFENSE COUNSEL]: Objection, Your Honor. I move for a mistrial.
>
> [PROSECUTOR]: He brought it up, Your Honor.
>
> THE COURT: Approach the Bench. Put the jury in the jury room.

6

The trial court then conducted a hearing out of the jury's presence. Appellant's counsel argued that the prosecutor's argument was outside the record and improper because it implied that appellant had committed extraneous offenses when, in fact, there was no evidence of extraneous offenses. The trial court overruled appellant's objection and motion for mistrial. The trial court also warned the prosecutor to "[s]tay away from the extraneous offense" in the remainder of his argument. The prosecutor heeded the trial court's warning.

The prosecutor did not state that appellant had committed an extraneous offense. The prosecutor was attempting to explain the law as to admissibility of extraneous offense evidence. The record shows that the prosecutor made the complained-of argument in answer to the argument of appellant's counsel. A response to opposing counsel's argument is an appropriate argument. *Brown*, 270 S.W.3d at 570. In addition, a defendant cannot complain of improper prosecutorial argument when he invited the argument. *Ripkowski v. State*, 61 S.W.3d 378, 393 (Tex. Crim. App. 2001). For these reasons, we cannot conclude that the trial court abused its discretion in overruling appellant's objection to the prosecutor's argument and his motion for mistrial.

Appellant also contends that the prosecutor engaged in improper jury argument by referring to him as a "pedophile" during jury argument. However, appellant did not object to the prosecutor's "pedophile" comments at trial. When a defendant fails to object to jury argument, he forfeits his right to raise the issue on appeal, even if the issue is constitutional in nature. *Threadgill v. State*, 146 S.W.3d 654, 670 (Tex. Crim. App. 2004); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); *Weems v. State*, 328 S.W.3d 172, 179 (Tex. App.—Eastland 2010, no pet.). Therefore, appellant waived any error in the State's "pedophile" comments.

Had appellant preserved error on the State's "pedophile" comments, we would conclude that the comments were proper. "Pedophile" is defined as "one affected with pedophilia." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 913 (11th ed. 2003). "Pedophilia" is defined as "sexual perversion in which children are the preferred sexual object." *Id.* At the time of the conduct alleged in the indictment, appellant was thirty years old and A.L.B. was fourteen years old. The State presented evidence that appellant engaged in a pattern of grooming A.L.B. to engage in sexual conduct with him. We have held above that the evidence is sufficient to support appellant's conviction for six offenses. The prosecutor made a reasonable deduction from the evidence that appellant was a pedophile.

7

Appellant also complains that the prosecutor improperly referred to his counsel as a liar. The following exchange took place during the State's rebuttal argument:

[PROSECUTOR]: And [appellant's counsel] is the one that is lying to you, because one of the last things he said was –

[DEFENSE COUNSEL]: Objection, Your Honor, improper argument.

THE COURT: I will sustain that. The jury will disregard the last statement by the prosecutor. Let's move along.

Thus, the trial court sustained appellant's objection to the complained-of comment, and the trial court, on its own, instructed the jury to disregard the comment. Appellant did not move for a mistrial based on the comment. When an appellant has been given all the relief he requested at trial, there is nothing to complain of on appeal. *Cook v. State*, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993); *Smith v. State*, 114 S.W.3d 66, 71 (Tex. App.—Eastland 2003, pet. ref'd). Appellant failed to preserve this issue for review. Appellant's first point of error is overruled.

*Appellant's Eligibility for Community Supervision*

In his fourth and fifth points of error, appellant challenges the sufficiency of the evidence to support what he contends was a jury finding at the punishment phase that the offenses occurred on or after September 1, 2007. Apparently at the request of appellant's counsel, the trial court instructed the jury as follows:

In this case, there is a question of fact as to when the offenses occurred. If you find beyond a reasonable doubt that the offenses occurred prior to September 1, 2007, then the defendant is eligible for probation. If you find beyond a reasonable doubt that the offenses occurred after September 1, 2007, then the defendant is not eligible for probation.[3]

The trial court also submitted two verdict forms for each offense. One of the forms provided as follows:

We, the Jury, having previously found [appellant] guilty of the offense, . . . find that the offense was committed prior to September 1, 2007 and assess his punishment at confinement . . . for _____ years, and we, the jury, having assessed the punishment of [appellant] at not more than ten (10) years confinement . . . and having further found that he has never before been convicted of a felony, WE DO

---

[3]The trial court submitted a punishment charge for the sexual assault offenses (Counts One and Two) and a punishment charge for the indecency with a child offenses (Counts Three through Seven). Both charges included the above-quoted language.

RECOMMEND that the imposition of the sentence be suspended and he be placed on community supervision.

The jury did not answer this verdict form for any of the offenses and, therefore, did not recommend that appellant be placed on community supervision. The other verdict form for each offense provided as follows:

We, the Jury, having previously found [appellant] guilty of the offense, . . . assess his punishment at confinement . . . for _____ years.

This verdict form did not give the jury the option of recommending community supervision. The jury answered this verdict form for all the offenses. The jury assessed punishment at six years confinement for each of the sexual assault offenses and two years confinement for each of the indecency with a child offenses.

Appellant contends that the jury found the offenses occurred on or after September 1, 2007. He challenges the sufficiency of the evidence to support that finding. Appellant asserts that, based on this allegedly unsupported finding, the "jurors were barred from considering probation as allowed by the law before September 2007." We note the record does not establish that the jury found the offenses occurred on or after September 1, 2007. The first verdict form quoted above includes a finding that the offenses were committed prior to September 1, 2007. If the jury made such a finding, the verdict form did not give the jury the option of answering "WE DO NOT RECOMMEND" that appellant be placed on community supervision. Therefore, if the jury found that the offenses occurred prior to September 1, 2007, but did not want to recommend appellant for community supervision, it was necessary for the jury to answer the second verdict form quoted above, which the jury did for all seven offenses. The second verdict form did not require the jury to find that the offenses occurred on or after September 1, 2007. Based on these facts, the record does not support appellant's contention that the jury found the offenses occurred on or after September 1, 2007.

However, assuming that the jury found the offenses occurred on or after September 1, 2007, and also assuming that appellant may properly challenge the sufficiency of the evidence to support the finding, we conclude that the evidence is sufficient to support the finding. A.L.B. testified that the two incidents occurred in September 2007. She said that she did not know the exact days in September that they occurred. Appellant's mother paid for four lessons by check in September. Appellant relies on what he considers to be inconsistencies in A.L.B.'s testimony

in arguing that the evidence was insufficient to support a finding that the offenses occurred on or after September 1, 2007. It was within the jury's province to resolve any conflicts or inconsistencies in the evidence. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000); *State v. Moreno*, 297 S.W.3d 512, 522 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). Viewing all the evidence, we conclude that a rational trier of fact could have found that the offenses occurred on or after September 1, 2007. Appellant's fourth and fifth points of error are overruled.

*Evidence of Extraneous Offense*

Appellant argues in his sixth and seventh points of error that the trial court erred by admitting evidence of an extraneous offense at the punishment phase. We review a trial court's decision to admit extraneous offense evidence during the punishment phase under an abuse of discretion standard. *Mitchell v. State*, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996).

Over appellant's objection, the trial court allowed K.N. to testify about the extraneous offense. K.N. was fourteen years old at the time of trial. She testified that she knew appellant. She said that she met appellant when she accompanied her friend to a guitar lesson that her friend had with appellant. K.N. said that appellant asked her if she wanted to play a guitar and that she responded, "Yes." Appellant then asked K.N.'s friend to get K.N. a guitar. K.N.'s friend left the room to get a guitar. K.N. testified that appellant "told [her] to scoot over" and that he then "showed [her] a video on his phone of him masturbating." K.N. said that appellant was not wearing any clothes in the video. K.N. said that she was sure that appellant was the person in the video. K.N. said that she told her friend about the incident right after they left the lesson. K.N. also said that, about two hours later, she told the police what had happened.

The record shows that, based on K.N.'s allegations, appellant was charged with the offense of selling, distributing, or displaying harmful material to a minor. Later, the State filed a motion to dismiss the cause for the stated reason of "insufficient evidence to prove all elements beyond a reasonable doubt." The trial judge entered an order of dismissal in that cause.

Appellant asserts that the dismissal amounted to a judicial determination that there was insufficient evidence to prove the extraneous offense. In light of the dismissal, appellant argues in his sixth point of error that the evidence was legally insufficient to prove that he committed the extraneous offense. Based on the dismissal, appellant argues in his seventh point of error that

the doctrines of res judicata and collateral estoppel barred admission of the extraneous offense evidence.

The doctrine of res judicata serves the same basic purposes and principles in civil proceedings that double jeopardy serves in criminal proceedings. *Ex parte Watkins*, 73 S.W.3d 264, 267 n.7 (Tex. Crim. App. 2002). Double jeopardy bars any retrial of a criminal offense, while collateral estoppel bars any retrial of specific and discrete facts that have been fully and fairly adjudicated. *Id.* at 267; *Clewis v. State*, 222 S.W.3d 460, 465 (Tex. App.—Tyler 2007, pet. ref'd). The case involving the charge for the extraneous offense against appellant was dismissed upon the motion by the State. There was no trial in the case. The facts in the case were not litigated or adjudicated. Neither double jeopardy nor collateral estoppel barred the State from introducing evidence of the extraneous offense in the present case. *Clewis*, 222 S.W.3d at 463-66. K.N.'s testimony was legally sufficient to prove that appellant committed the extraneous offense beyond a reasonable doubt. Appellant's sixth and seventh points of error are overruled.

### *This Court's Ruling*

The judgments of the trial court on Counts One, Two, Three, Five, Six, and Seven are affirmed. The judgment of the trial court on Count Four is reversed, and a judgment of acquittal is rendered on that count.

TERRY McCALL
JUSTICE

August 31, 2011

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

11