Opinion filed September
27, 2012

 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00222-CR

                                                    __________

 

                       ANTHONY
BERNARD NEWSOME, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                    On
Appeal from the 13th District Court

                                                          Navarro
County, Texas

                                                  Trial
Court Cause No. 31774-CR

 



 

M
E M O R A N D U M   O P I N I O N

            The
grand jury indicted Anthony Bernard Newsome on six counts of aggravated sexual
assault of a child under fourteen years of age.  See Tex. Penal Code Ann. § 22.021(a)(1)(B),
(a)(2)(B) (West Supp. 2012).  The jury convicted Newsome of the first count of
aggravated sexual assault of a child and found him not guilty of the remaining five
counts.  After finding the enhancement paragraph true, the jury assessed
punishment at confinement in the Institutional Division of the Texas Department
of Criminal Justice for a term of twenty years and a fine of $10,000.  Newsome
timely filed his notice of appeal and challenges his conviction in seven issues. 
Because we find that, in its charge to the jury, the trial court allowed the
jury to convict Newsome on a less-than-unanimous verdict, we reverse and remand.

            In
his first and second issues, Newsome claims that the evidence is legally and
factually insufficient to support his conviction.  Newsome argues, in his third
issue, that the trial court erred when it did not permit him to cross-examine
the alleged victim, A.D., regarding prior inconsistent statements she made in a
hearing outside the presence of the jury and regarding her bias, motive, and
interest in testifying.  In his fourth issue, Newsome alleges that the trial
court made an improper comment on the weight of the evidence.  In his fifth
issue, Newsome contends that the trial court erred when it allowed the State to
introduce a videotaped interview of A.D.  He argues in his sixth issue that the
trial court erred when it admitted the testimony of A.D.’s school counselor
regarding specific instances of alleged abuse that A.D. reported.  In a timely
filed supplemental brief, Newsome raises his seventh issue and claims that the
trial court erred when it refused to require the State to elect a specific
incident of alleged conduct for each of the six counts.  He also claims that
the trial court further erred when it did not include a specific incident of
conduct for each of the six counts in the charge to the jury in addition to the
alleged date on or about which the conduct allegedly occurred.  Specifically,
Newsome contends that the trial court’s error allowed the jury potentially to
reach a nonunanimous verdict and that it is now impossible to determine for
which incident the jury found him guilty and for which incident the jury found
him not guilty.

We will first address Newsome’s seventh issue.  In the seventh issue, he
argues that the trial court erred when it did not require the State to make a
more specific election and further erred when it did not submit a charge to the
jury that included a more specific incident of conduct for each count in the
charge.  Due to these errors, Newsome argues that the jury was permitted to
reach a nonunanimous verdict.  

Our law requires that the jury reach a unanimous verdict in all criminal
cases.  Tex. Const. art. V, § 13;
Tex. Code Crim. Proc. Ann. art. 36.29(a)
(West Supp. 2012), arts. 37.02, 37.03, 45.034–.036 (West 2006); Cosio v.
State, 353 S.W.3d 766, 771 (Tex. Crim. App. 2011).  “This means that the
jury must ‘agree upon a single and discrete incident that would constitute the
commission of the offense alleged.’”  Cosio, 353 S.W.3d at 771 (quoting Stuhler
v. State, 218 S.W.3d 706, 717 (Tex. Crim. App. 2007)).  Regardless of whether
a defendant requests an election, the trial court must submit a charge to the
jury that “does not allow for the possibility of a nonunanimous verdict.”  Id.
at 776.  A charge that allows for a nonunanimous verdict contains error.  See,
e.g., id. at 774 (holding charge contained error when charge did not
instruct jury that it must reach a unanimous verdict as to which specific
criminal act the defendant committed); Ngo v. State, 175 S.W.3d 738, 749
(Tex. Crim. App. 2005) (holding same); Francis v. State, 36
S.W.3d 121, 125 (Tex. Crim. App. 2000) (holding trial court erred when it
charged two acts of indecency with a child in the disjunctive for conviction on
one count of indecency because the jury could convict on a less-than-unanimous
verdict).

While Newsome alleges both election error and charge error, the ultimate
question is whether the charge properly instructed the jury based on the
State’s elections.  Thus, we will treat Newsome’s seventh issue as one of
alleged charge error.  In a review of alleged charge error, we first determine
whether error exists in the charge, and then we determine whether sufficient
harm resulted from the charge error to require reversal.  Ngo, 175
S.W.3d at 744.

The grand jury charged Newsome by indictment with six counts of
aggravated sexual assault of a child under fourteen years of age.  Each of the
six counts contained three separate paragraphs in which the State alleged that
Newsome intentionally or knowingly caused (1) the penetration of the female
sexual organ of A.D. by his finger, (2) the penetration of A.D.’s sexual organ
by his sexual organ, and (3) A.D.’s sexual organ to contact the mouth of
Newsome.  The State alleged that each count occurred on or about different
dates, but each count was otherwise identical.

The parties stipulated on appeal that the proposed charge contained these
same six counts and permitted the jury to convict Newsome on each count if it
found that he committed the offense by any one of the three manner and means
alleged in each count of the indictment.[1]
 Newsome objected to the charge on the basis that it allowed the jury to return
a general verdict of guilty without all twelve jurors unanimously agreeing that
Newsome committed any one offense for each count.  Newsome requested that the
State elect which specific instance it was pursuing for a conviction in each
count and requested that each count distinguish between the instances described
by the child by more than the “on or about” a certain date language.  The trial
court ordered the State to elect between the manner and means set out in each
count of the indictment but overruled Newsome’s request for a more specific
election.

The State elected one manner and means for each count, and the changes
were made to the jury charge.  The submitted jury charge contained six counts
and allowed for six convictions on the following allegations: that Newsome
intentionally or knowingly caused, in Count One, the penetration of A.D.’s
sexual organ by his finger on or about December 31, 2005; in Count Two, the
penetration of A.D.’s sexual organ by his finger on or about January 31, 2006; in
Count Three, the penetration of A.D.’s sexual organ by his sexual organ on or
about February 28, 2006; in Count Four, A.D.’s sexual organ to contact his
mouth on or about March 31, 2006; in Count Five, the penetration of A.D.’s
sexual organ by his sexual organ on or about April 30, 2006; and in Count Six,
the penetration of A.D.’s sexual organ by his sexual organ on or about June 30,
2006.

In its charge, the trial court generally instructed the jury that it must
reach a unanimous verdict; however, it did not instruct the jury, in each
separate count, that it must unanimously agree on one incident of criminal
conduct for each charged offense.  Additionally, the trial court instructed the
jury that the State was not bound by the dates alleged but had to prove only that
the offense was committed at any time prior to the return of the indictment and
within the statute of limitations.  The result was that Count One and Count Two
each could be satisfied if evidence was presented that Newsome digitally
penetrated A.D. at any time prior to the return of the indictment and within
the statute of limitations.  Likewise, Counts Three, Five, and Six could be
satisfied if evidence was presented that Newsome penetrated A.D.’s sexual organ
with his sexual organ at any time prior to the return of the indictment.  In
order for the jury to convict Newsome of two counts of digital penetration, for
example, the State would need to present evidence of two separate and specific
acts of digital penetration and the jury unanimously agree that Newsome
committed one of those specific acts for Count One and further unanimously
agree that Newsome committed the other specific act for Count Two.

A.D. was fourteen years old at the time of trial and testified about six
specific instances in which Newsome, her mother’s ex-boyfriend, sexually assaulted
her.  The first incident occurred at her Pawpaw’s house in the bathroom.  She
went into the bathroom and pulled down her pants to use the restroom, but
before she could use the restroom, Newsome came into the bathroom, picked her
up, laid her on the floor, opened her legs, and penetrated her sexual organ
with his finger.  The second incident also occurred at her Pawpaw’s house.  She
was in the bedroom, and Newsome grabbed her from the top bunk and brought her
down to the bottom bunk where he pulled her pants down and penetrated her
sexual organ with his finger.  A.D. could not remember how old she was or what
year it was when these incidents occurred, but she testified that the incidents
occurred within a couple of days of one another.  A.D.’s mother testified that
they lived at her Pawpaw’s house from 2004 until early 2006.

A.D. testified that the next three incidents occurred while they were
living with Newsome’s mother.  A.D. did not remember when the incidents
occurred or in what order they occurred.  On one occasion, Newsome got in the
bed with her, pulled up her nightgown, and penetrated her sexual organ with his
sexual organ.  On another occasion, Newsome came into the room where A.D. was
watching television and yelled at her to take off her clothes.  She did not
remove her clothes.  Newsome removed her clothes and pulled down his pants.  He
picked her up and placed her on his shoulders so that his face was in between
her legs; she was facing him.  Newsome penetrated her sexual organ with his
tongue.  The third incident occurred when Newsome called A.D. over to the
recliner in which he was sitting, pulled her toward him, pulled her pants down,
pulled his pants down, and penetrated her sexual organ with his sexual organ.  A.D.’s
mother testified that they lived with Newsome’s mother from the beginning of
2006 until April 2006.

A.D. testified that the final incident occurred in the house in which she
and her mother lived at the time of trial.  Newsome came into her bedroom,
pulled down her pants, and penetrated her sexual organ with his sexual organ.

A.D. testified that there were other times that Newsome assaulted her,
but she could not remember the specific details of those incidents.  Evidence
of other instances of sexual assault was presented through the video recording
of A.D.’s interview at the advocacy center and through the testimony of A.D.’s
school counselor and A.D.’s therapist.

In sum, A.D. testified to six specific instances of sexual assault: two
instances in which Newsome digitally penetrated her sexual organ, three
instances in which Newsome penetrated her sexual organ with his sexual organ,
and one instance in which Newsome caused her sexual organ to contact his
mouth.  Each of the six specific instances that A.D. testified to were
represented by a separate count in the charge; however, either of the two
instances involving digital penetration could have supported Count One or Count
Two, and any one of the three instances involving penile penetration could have
supported Count Three, Count Five, or Count Six.  Thus, it is possible that the
jury could have convicted Newsome under Count One on a less-than-unanimous
verdict.

This case is analogous to Cosio.  Cosio was charged with two
counts of aggravated sexual assault of a child.  Count One contained one
paragraph, and Count Two contained four alternative paragraphs.  Cosio was also
charged in Counts Three and Four with indecency with a child by contact.  Count
Three contained one paragraph, and Count Four contained two alternative paragraphs. 
Cosio, 353 S.W.3d at 769.  At the close of the evidence, Cosio requested
that the State elect as to which paragraph in each count under which it would
proceed; the State made its election.  Id. at 769–70.  The jury found
Cosio guilty on all four counts.  Id. at 770.  On appeal, Cosio claimed
that the jury charge permitted nonunanimous verdicts.  Id.  The Court of
Criminal Appeals agreed and held that the charge permitted nonunanimous
verdicts because “[t]here were several instances of sexual criminal conduct
that could have satisfied the charged offense, and the judge failed to instruct
the jury that it must be unanimous about which instance of criminal conduct
satisfied each charge.”  Id. at 769.

Here, as in Cosio, “[t]he jury could have relied on separate
incidents of criminal conduct, which constituted different offenses or separate
units of prosecution.”  Id. at 774.  For example, some jurors could have
relied on the bathroom incident to convict Newsome of Count One, while other
jurors relied on the bunk-bed incident to convict Newsome of the same count. 
“The jury may have believed that it had to be unanimous about the offenses, not
the criminal conduct constituting the offenses.”  Id.  Although the
order of the charges was in correlation to A.D.’s testimony and to the
prosecutor’s closing argument, “[t]he evidence failed to differentiate between
the similar, but yet separate, incidents of criminal conduct in relation to the
offenses as charged and the alleged on or about dates.”  Id.  While the
trial court did require the State to elect one offense for each count, rather
than three as originally alleged, the trial court erred when it failed to
instruct the jury that it must unanimously agree that Newsome committed one
specific incident of sexual assault for each specific count of sexual assault
charged.  We do not believe that the error here was in the State’s election, as
it was clear from the evidence and the prosecutor’s closing argument on which
six instances of criminal conduct the State was relying on for conviction.  The
error occurred when the trial court did not require that the jury agree on one
specific act for each specific count alleged.

The State argues that, if we require the trial court to link evidence
that the defendant committed a specific act to each count in the charge, the
result would be to allow the trial court to comment on the weight of the
evidence.  We do not suggest, however, that the trial court must include
evidentiary references in the application paragraphs in the charge in order to
instruct the jury that it must reach a unanimous verdict as to the specific
act.  While we do not hold in this case that to include a general reference,
such as “in the bathroom” or “on the bunk bed,” is or is not a comment on the
weight of the evidence,[2]
there are other ways in which the trial court could ensure a unanimous verdict
in this context.  For example, in Ngo, the Court of Criminal
Appeals stated that the jury charge “would have been clearly correct had each [application]
paragraph included just one additional word: ‘unanimously,’ such that all
twelve jurors would immediately realize that they had to agree on one specific
paragraph which set out one specific criminal act.”  175 S.W.3d at 749. 
Although here there were not separate paragraphs for the jury to consider,
there were separate criminal acts.  The trial court did not instruct the jury
that it must unanimously agree that Newsome committed one specific act for each
count.   If the trial court had done so, perhaps the result would have been
different.  We note that Cosio was decided after the State filed its
brief in this case and that, while it might be true, as the State argues, that
previous cases regarding error of this nature, such as Francis, are
distinguishable, Cosio is not.  See Cosio, 353 S.W.3d 766; Francis,
36 S.W.3d 121.  We also note that the trial court did not have the benefit of Cosio
when it prepared its charge to the jury.

            In
Cosio, the Court of Criminal Appeals conducted an “egregious harm”
analysis under Almanza[3]
because Cosio did not object to the charge, nor did he raise the unanimity
argument at trial.  Cosio, 353 S.W.3d at 776–77.  However, the court
noted that, when a party alleges a unanimity violation and the party has
properly preserved that error at trial, the error is subject to a constitutional
harm analysis under Texas Rule of Appellate Procedure 44.2(a).  Id. at
776.  Here, Newsome objected to the charge on the ground that it would
potentially allow the jury to reach a nonunanimous verdict, and because of this
potential, he requested that the State elect which specific act of conduct upon
which it was relying for each conviction and further requested that the charge
reflect the election.  Because we have found constitutional error based on a
unanimity violation and because Newsome objected to the error at trial on
unanimity grounds, we must reverse the judgment of conviction unless we can
determine beyond a reasonable doubt that the error did not contribute to the
conviction.  See Tex. R. App. P.
44.2(a).  

There were many inconsistencies in A.D.’s allegations of sexual assault
at trial.  For example, A.D.’s school counselor’s testimony of what A.D.
initially told her varied from what A.D. told the forensic interviewer at the
advocacy center as well as from what she told her therapist.  In addition, her
own testimony was impeached.  It appears that the jury considered these
inconsistencies and believed that Newsome did not commit five of the six counts
of sexual assault.  Count Two of the charge, of which the jury found Newsome
not guilty, alleged that Newsome penetrated A.D.’s sexual organ with his
finger.  Count One of the charge, of which the jury found Newsome guilty, also
alleged that Newsome penetrated A.D.’s sexual organ with his finger.  Except
for the different “on or about” dates—and as alleged, these dates were relevant
only to show that the alleged acts occurred prior to indictment and within the
period of limitations—in Counts One and Two, there was nothing in the charge
that distinguished the two counts.  Some jurors could have believed that he
digitally penetrated A.D. in the bathroom, while other jurors believed that he
digitally penetrated her on the bunk bed.  Therefore, we cannot determine
beyond a reasonable doubt that the trial court’s failure to instruct the jury
that it must unanimously agree that Newsome committed one specific act did not
contribute to Newsome’s conviction.  Because the charge did not require
unanimity, Newsome’s seventh issue is sustained.

Although this case must be reversed for other reasons, we must
nevertheless address Newsome’s evidentiary insufficiency claims.  In his first
and second issues, Newsome contends that the evidence is legally and factually
insufficient to support his conviction.  We
review a sufficiency of the evidence issue, regardless of whether it is
denominated as a legal or as a factual sufficiency claim, under the standard of review
set forth in Jackson v. Virginia, 443 U.S. 307 (1979).  Brooks v.
State, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); Polk v. State,
337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref’d).  Under the Jackson
standard, we examine all the evidence in the light most favorable to the
verdict and determine whether, based on that evidence and any reasonable
inferences from it, any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  Jackson, 443 U.S. at
319; Isassi v. State, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

The State elected to proceed, in the first count, on the allegation of
digital penetration alleged to have occurred on or about December 31, 2005. 
Thus, to convict him under Count One, the State had to prove that Newsome
intentionally or knowingly caused the penetration of the sexual organ of a
child younger than fourteen years of age by his finger. See Section 22.021(a)(1)(B),
(a)(2)(B).  As we discussed in our review of Newsome’s seventh issue, A.D.
testified that Newsome penetrated her sexual organ with his finger on two
occasions: once when she was about to use the restroom at her Pawpaw’s house
and once on the bunk bed at her Pawpaw’s house.  A.D.’s mother testified that
they lived at her Pawpaw’s house from 2004 until early 2006.  She also
testified that A.D. was born on November 11, 1994, and turned eleven years old
in 2005.

Newsome contends that the evidence was insufficient because the only
evidence that showed that he committed the offense by penetration with his
finger was A.D.’s testimony.  That, coupled with the fact that the jury found
him not guilty of the other five counts of aggravated sexual assault, including
the allegation of digital penetration in Count Two, shows that the jury could
not have found A.D. credible as to this count.  Newsome also points to
inconsistencies in the facts related by A.D. at trial and to the various
persons with whom she spoke.  However, the jury, as the trier of fact, was the
sole judge of the credibility of the witnesses and of the weight to be given
their testimony.  Tex. Code Crim. Proc.
Ann. art. 36.13 (West 2007), art. 38.04 (West 1979).  As such, the
jury was entitled to accept or reject any or all of the testimony of any
witness.  Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). 
Additionally, the complainant’s testimony alone is sufficient to support a
conviction for aggravated sexual assault of a child.  Tex. Code Crim. Proc. Ann. art. 38.07 (West Supp. 2012); Chapman v. State, 349
S.W.3d 241, 245 (Tex. App.—Eastland 2011, pet. ref’d).  We have reviewed the
evidence in the light most favorable to the verdict, and we hold that a
rational trier of fact could have found beyond a reasonable doubt that Newsome
penetrated A.D.’s sexual organ with his finger.  Newsome’s first and second
issues are overruled.

            We
need not address Newsome’s third, fourth, fifth, and sixth issues because
prevailing on any of these issues would afford Newsome no greater relief than
is otherwise provided by our disposition of his seventh issue.  Tex. R. App. P. 47.1.

The question of whether we should render a verdict of acquittal or remand
for a new trial is answered by Newsome as follows: because it is impossible to
determine for which act of digital penetration he was convicted and for which
act he was acquitted, double jeopardy bars a new trial on either act.  Newsome
therefore asks us to reverse his conviction and render a judgment of
acquittal.  While we agree that it is impossible to determine for which act of
digital penetration Newsome was convicted and for which act he was acquitted,
we do not agree that it is appropriate for us to render a judgment of acquittal
on Count One simply because double jeopardy may or may not bar a retrial on
remand.  A judgment of acquittal may only be rendered by an appellate court
when the court finds that the evidence was legally insufficient to support the
conviction.  Benavidez v. State, 323 S.W.3d 179, 181 (Tex. Crim. App.
2010).  At this point in time, the issue of whether double jeopardy bars a new
trial is not ripe for our review.

Therefore, we reverse the judgment of the trial court and remand this cause
to the trial court for further proceedings not inconsistent with this opinion.

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

September 27, 2012

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel[4]
consists of: Wright, C.J.,

McCall, J., and Hill.[5]









[1]The State filed a motion in this court and requested
that the record be supplemented with the transcription of the charge conference
including any objections to the charge and any discussions regarding the
State’s elections.  We abated the appeal in order for the trial court clerk and
court reporter to supplement the record; however, the reporter was unable to
find the relevant matters covered in the request.  In this court, the parties
filed a stipulation as to the missing portion of the reporter’s record and moved
to supplement the record to include the parties’ agreed stipulation as to what
occurred at the charge conference.  We approved the agreed stipulation and made
it a part of the record on appeal.  We note and commend the apparent civility
and spirit of cooperation displayed and exercised by the attorneys in reaching
this stipulation.





[2]See, e.g., Ortiz
v. State, No. 11-10-00303-CR, 2012 WL 760804, at *2 (Tex. App.—Eastland
March 8, 2012, pet. ref’d) (mem. op., not designated for publication) (holding that
the trial court did not comment on the weight of the evidence when it included
the State’s elections in the jury charge).

 





[3]Almanza v. State,
686 S.W.2d 157 (Tex. Crim. App. 1985).





[4]Eric Kalenak, Justice, resigned effective September 3,
2012.  The justice position is vacant pending appointment of a successor by the
governor or until the next general election.

 





[5]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth, sitting by assignment.