**Opinion filed September 27, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00222-CR
_____

## ANTHONY BERNARD NEWSOME, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 13th District Court**
**Navarro County, Texas**
**Trial Court Cause No. 31774-CR**

## MEMORANDUM OPINION

The grand jury indicted Anthony Bernard Newsome on six counts of aggravated sexual assault of a child under fourteen years of age. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B), (a)(2)(B) (West Supp. 2012). The jury convicted Newsome of the first count of aggravated sexual assault of a child and found him not guilty of the remaining five counts. After finding the enhancement paragraph true, the jury assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of twenty years and a fine of $10,000. Newsome timely filed his notice of appeal and challenges his conviction in seven issues. Because we find that, in its charge to the jury, the trial court allowed the jury to convict Newsome on a less-than-unanimous verdict, we reverse and remand.

In his first and second issues, Newsome claims that the evidence is legally and factually insufficient to support his conviction. Newsome argues, in his third issue, that the trial court erred when it did not permit him to cross-examine the alleged victim, A.D., regarding prior inconsistent statements she made in a hearing outside the presence of the jury and regarding her bias, motive, and interest in testifying. In his fourth issue, Newsome alleges that the trial court made an improper comment on the weight of the evidence. In his fifth issue, Newsome contends that the trial court erred when it allowed the State to introduce a videotaped interview of A.D. He argues in his sixth issue that the trial court erred when it admitted the testimony of A.D.'s school counselor regarding specific instances of alleged abuse that A.D. reported. In a timely filed supplemental brief, Newsome raises his seventh issue and claims that the trial court erred when it refused to require the State to elect a specific incident of alleged conduct for each of the six counts. He also claims that the trial court further erred when it did not include a specific incident of conduct for each of the six counts in the charge to the jury in addition to the alleged date on or about which the conduct allegedly occurred. Specifically, Newsome contends that the trial court's error allowed the jury potentially to reach a nonunanimous verdict and that it is now impossible to determine for which incident the jury found him guilty and for which incident the jury found him not guilty.

We will first address Newsome's seventh issue. In the seventh issue, he argues that the trial court erred when it did not require the State to make a more specific election and further erred when it did not submit a charge to the jury that included a more specific incident of conduct for each count in the charge. Due to these errors, Newsome argues that the jury was permitted to reach a nonunanimous verdict.

Our law requires that the jury reach a unanimous verdict in all criminal cases. TEX. CONST. art. V, § 13; TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (West Supp. 2012), arts. 37.02, 37.03, 45.034–.036 (West 2006); *Cosio v. State*, 353 S.W.3d 766, 771 (Tex. Crim. App. 2011). "This means that the jury must 'agree upon a single and discrete incident that would constitute the commission of the offense alleged.'" *Cosio*, 353 S.W.3d at 771 (quoting *Stuhler v. State*, 218 S.W.3d 706, 717 (Tex. Crim. App. 2007)). Regardless of whether a defendant requests an election, the trial court must submit a charge to the jury that "does not allow for the possibility of a nonunanimous verdict." *Id.* at 776. A charge that allows for a nonunanimous verdict contains error. *See, e.g.*, *id.* at 774 (holding charge contained error when charge did not instruct jury that

2

it must reach a unanimous verdict as to which specific criminal act the defendant committed); *Ngo v. State*, 175 S.W.3d 738, 749 (Tex. Crim. App. 2005) (holding same); *Francis v. State*, 36 S.W.3d 121, 125 (Tex. Crim. App. 2000) (holding trial court erred when it charged two acts of indecency with a child in the disjunctive for conviction on one count of indecency because the jury could convict on a less-than-unanimous verdict).

While Newsome alleges both election error and charge error, the ultimate question is whether the charge properly instructed the jury based on the State's elections. Thus, we will treat Newsome's seventh issue as one of alleged charge error. In a review of alleged charge error, we first determine whether error exists in the charge, and then we determine whether sufficient harm resulted from the charge error to require reversal. *Ngo*, 175 S.W.3d at 744.

The grand jury charged Newsome by indictment with six counts of aggravated sexual assault of a child under fourteen years of age. Each of the six counts contained three separate paragraphs in which the State alleged that Newsome intentionally or knowingly caused (1) the penetration of the female sexual organ of A.D. by his finger, (2) the penetration of A.D.'s sexual organ by his sexual organ, and (3) A.D.'s sexual organ to contact the mouth of Newsome. The State alleged that each count occurred on or about different dates, but each count was otherwise identical.

The parties stipulated on appeal that the proposed charge contained these same six counts and permitted the jury to convict Newsome on each count if it found that he committed the offense by any one of the three manner and means alleged in each count of the indictment.[1] Newsome objected to the charge on the basis that it allowed the jury to return a general verdict of guilty without all twelve jurors unanimously agreeing that Newsome committed any one offense for each count. Newsome requested that the State elect which specific instance it was pursuing for a conviction in each count and requested that each count distinguish between the instances described by the child by more than the "on or about" a certain date language. The trial court ordered the State to elect between the manner and means set out in each count of the indictment but overruled Newsome's request for a more specific election.

---

[1]The State filed a motion in this court and requested that the record be supplemented with the transcription of the charge conference including any objections to the charge and any discussions regarding the State's elections. We abated the appeal in order for the trial court clerk and court reporter to supplement the record; however, the reporter was unable to find the relevant matters covered in the request. In this court, the parties filed a stipulation as to the missing portion of the reporter's record and moved to supplement the record to include the parties' agreed stipulation as to what occurred at the charge conference. We approved the agreed stipulation and made it a part of the record on appeal. We note and commend the apparent civility and spirit of cooperation displayed and exercised by the attorneys in reaching this stipulation.

The State elected one manner and means for each count, and the changes were made to the jury charge. The submitted jury charge contained six counts and allowed for six convictions on the following allegations: that Newsome intentionally or knowingly caused, in Count One, the penetration of A.D.'s sexual organ by his finger on or about December 31, 2005; in Count Two, the penetration of A.D.'s sexual organ by his finger on or about January 31, 2006; in Count Three, the penetration of A.D.'s sexual organ by his sexual organ on or about February 28, 2006; in Count Four, A.D.'s sexual organ to contact his mouth on or about March 31, 2006; in Count Five, the penetration of A.D.'s sexual organ by his sexual organ on or about April 30, 2006; and in Count Six, the penetration of A.D.'s sexual organ by his sexual organ on or about June 30, 2006.

In its charge, the trial court generally instructed the jury that it must reach a unanimous verdict; however, it did not instruct the jury, in each separate count, that it must unanimously agree on one incident of criminal conduct for each charged offense. Additionally, the trial court instructed the jury that the State was not bound by the dates alleged but had to prove only that the offense was committed at any time prior to the return of the indictment and within the statute of limitations. The result was that Count One and Count Two each could be satisfied if evidence was presented that Newsome digitally penetrated A.D. at any time prior to the return of the indictment and within the statute of limitations. Likewise, Counts Three, Five, and Six could be satisfied if evidence was presented that Newsome penetrated A.D.'s sexual organ with his sexual organ at any time prior to the return of the indictment. In order for the jury to convict Newsome of two counts of digital penetration, for example, the State would need to present evidence of two separate and specific acts of digital penetration and the jury unanimously agree that Newsome committed one of those specific acts for Count One and further unanimously agree that Newsome committed the other specific act for Count Two.

A.D. was fourteen years old at the time of trial and testified about six specific instances in which Newsome, her mother's ex-boyfriend, sexually assaulted her. The first incident occurred at her Pawpaw's house in the bathroom. She went into the bathroom and pulled down her pants to use the restroom, but before she could use the restroom, Newsome came into the bathroom, picked her up, laid her on the floor, opened her legs, and penetrated her sexual organ with his finger. The second incident also occurred at her Pawpaw's house. She was in the bedroom, and Newsome grabbed her from the top bunk and brought her down to the bottom bunk where he

4

pulled her pants down and penetrated her sexual organ with his finger. A.D. could not remember how old she was or what year it was when these incidents occurred, but she testified that the incidents occurred within a couple of days of one another. A.D.'s mother testified that they lived at her Pawpaw's house from 2004 until early 2006.

A.D. testified that the next three incidents occurred while they were living with Newsome's mother. A.D. did not remember when the incidents occurred or in what order they occurred. On one occasion, Newsome got in the bed with her, pulled up her nightgown, and penetrated her sexual organ with his sexual organ. On another occasion, Newsome came into the room where A.D. was watching television and yelled at her to take off her clothes. She did not remove her clothes. Newsome removed her clothes and pulled down his pants. He picked her up and placed her on his shoulders so that his face was in between her legs; she was facing him. Newsome penetrated her sexual organ with his tongue. The third incident occurred when Newsome called A.D. over to the recliner in which he was sitting, pulled her toward him, pulled her pants down, pulled his pants down, and penetrated her sexual organ with his sexual organ. A.D.'s mother testified that they lived with Newsome's mother from the beginning of 2006 until April 2006.

A.D. testified that the final incident occurred in the house in which she and her mother lived at the time of trial. Newsome came into her bedroom, pulled down her pants, and penetrated her sexual organ with his sexual organ.

A.D. testified that there were other times that Newsome assaulted her, but she could not remember the specific details of those incidents. Evidence of other instances of sexual assault was presented through the video recording of A.D.'s interview at the advocacy center and through the testimony of A.D.'s school counselor and A.D.'s therapist.

In sum, A.D. testified to six specific instances of sexual assault: two instances in which Newsome digitally penetrated her sexual organ, three instances in which Newsome penetrated her sexual organ with his sexual organ, and one instance in which Newsome caused her sexual organ to contact his mouth. Each of the six specific instances that A.D. testified to were represented by a separate count in the charge; however, either of the two instances involving digital penetration could have supported Count One or Count Two, and any one of the three instances involving penile penetration could have supported Count Three, Count Five, or Count

5

Six.  Thus, it is possible that the jury could have convicted Newsome under Count One on a less-than-unanimous verdict.

This case is analogous to *Cosio*.  Cosio was charged with two counts of aggravated sexual assault of a child.  Count One contained one paragraph, and Count Two contained four alternative paragraphs.  Cosio was also charged in Counts Three and Four with indecency with a child by contact.  Count Three contained one paragraph, and Count Four contained two alternative paragraphs.  *Cosio*, 353 S.W.3d at 769.  At the close of the evidence, Cosio requested that the State elect as to which paragraph in each count under which it would proceed; the State made its election.  *Id.* at 769–70.  The jury found Cosio guilty on all four counts.  *Id.* at 770.  On appeal, Cosio claimed that the jury charge permitted nonunanimous verdicts.  *Id.*  The Court of Criminal Appeals agreed and held that the charge permitted nonunanimous verdicts because "[t]here were several instances of sexual criminal conduct that could have satisfied the charged offense, and the judge failed to instruct the jury that it must be unanimous about which instance of criminal conduct satisfied each charge."  *Id.* at 769.

Here, as in *Cosio*, "[t]he jury could have relied on separate incidents of criminal conduct, which constituted different offenses or separate units of prosecution."  *Id.* at 774.  For example, some jurors could have relied on the bathroom incident to convict Newsome of Count One, while other jurors relied on the bunk-bed incident to convict Newsome of the same count.  "The jury may have believed that it had to be unanimous about the offenses, not the criminal conduct constituting the offenses."  *Id.*  Although the order of the charges was in correlation to A.D.'s testimony and to the prosecutor's closing argument, "[t]he evidence failed to differentiate between the similar, but yet separate, incidents of criminal conduct in relation to the offenses as charged and the alleged on or about dates."  *Id.*  While the trial court did require the State to elect one offense for each count, rather than three as originally alleged, the trial court erred when it failed to instruct the jury that it must unanimously agree that Newsome committed one specific incident of sexual assault for each specific count of sexual assault charged.  We do not believe that the error here was in the State's election, as it was clear from the evidence and the prosecutor's closing argument on which six instances of criminal conduct the State was relying on for conviction.  The error occurred when the trial court did not require that the jury agree on one specific act for each specific count alleged.

The State argues that, if we require the trial court to link evidence that the defendant committed a specific act to each count in the charge, the result would be to allow the trial court to comment on the weight of the evidence. We do not suggest, however, that the trial court must include evidentiary references in the application paragraphs in the charge in order to instruct the jury that it must reach a unanimous verdict as to the specific act. While we do not hold in this case that to include a general reference, such as "in the bathroom" or "on the bunk bed," is or is not a comment on the weight of the evidence,[2] there are other ways in which the trial court could ensure a unanimous verdict in this context. For example, in *Ngo*, the Court of Criminal Appeals stated that the jury charge "would have been clearly correct had each [application] paragraph included just one additional word: 'unanimously,' such that all twelve jurors would immediately realize that they had to agree on one specific paragraph which set out one specific criminal act." 175 S.W.3d at 749. Although here there were not separate paragraphs for the jury to consider, there were separate criminal acts. The trial court did not instruct the jury that it must unanimously agree that Newsome committed one specific act for each count. If the trial court had done so, perhaps the result would have been different. We note that *Cosio* was decided after the State filed its brief in this case and that, while it might be true, as the State argues, that previous cases regarding error of this nature, such as *Francis*, are distinguishable, *Cosio* is not. *See Cosio*, 353 S.W.3d 766; *Francis*, 36 S.W.3d 121. We also note that the trial court did not have the benefit of *Cosio* when it prepared its charge to the jury.

In *Cosio*, the Court of Criminal Appeals conducted an "egregious harm" analysis under *Almanza*[3] because Cosio did not object to the charge, nor did he raise the unanimity argument at trial. *Cosio*, 353 S.W.3d at 776–77. However, the court noted that, when a party alleges a unanimity violation and the party has properly preserved that error at trial, the error is subject to a constitutional harm analysis under Texas Rule of Appellate Procedure 44.2(a). *Id.* at 776. Here, Newsome objected to the charge on the ground that it would potentially allow the jury to reach a nonunanimous verdict, and because of this potential, he requested that the State elect which specific act of conduct upon which it was relying for each conviction and further requested that the charge reflect the election. Because we have found constitutional error based

---

[2]*See, e.g.*, *Ortiz v. State*, No. 11-10-00303-CR, 2012 WL 760804, at *2 (Tex. App.—Eastland March 8, 2012, pet. ref'd) (mem. op., not designated for publication) (holding that the trial court did not comment on the weight of the evidence when it included the State's elections in the jury charge).

[3]*Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985).

on a unanimity violation and because Newsome objected to the error at trial on unanimity grounds, we must reverse the judgment of conviction unless we can determine beyond a reasonable doubt that the error did not contribute to the conviction. *See* TEX. R. APP. P. 44.2(a).

There were many inconsistencies in A.D.'s allegations of sexual assault at trial. For example, A.D.'s school counselor's testimony of what A.D. initially told her varied from what A.D. told the forensic interviewer at the advocacy center as well as from what she told her therapist. In addition, her own testimony was impeached. It appears that the jury considered these inconsistencies and believed that Newsome did not commit five of the six counts of sexual assault. Count Two of the charge, of which the jury found Newsome not guilty, alleged that Newsome penetrated A.D.'s sexual organ with his finger. Count One of the charge, of which the jury found Newsome guilty, also alleged that Newsome penetrated A.D.'s sexual organ with his finger. Except for the different "on or about" dates—and as alleged, these dates were relevant only to show that the alleged acts occurred prior to indictment and within the period of limitations—in Counts One and Two, there was nothing *in the charge* that distinguished the two counts. Some jurors could have believed that he digitally penetrated A.D. in the bathroom, while other jurors believed that he digitally penetrated her on the bunk bed. Therefore, we cannot determine beyond a reasonable doubt that the trial court's failure to instruct the jury that it must unanimously agree that Newsome committed one specific act did not contribute to Newsome's conviction. Because the charge did not require unanimity, Newsome's seventh issue is sustained.

Although this case must be reversed for other reasons, we must nevertheless address Newsome's evidentiary insufficiency claims. In his first and second issues, Newsome contends that the evidence is legally and factually insufficient to support his conviction. We review a sufficiency of the evidence issue, regardless of whether it is denominated as a legal or as a factual sufficiency claim, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

8

The State elected to proceed, in the first count, on the allegation of digital penetration alleged to have occurred on or about December 31, 2005. Thus, to convict him under Count One, the State had to prove that Newsome intentionally or knowingly caused the penetration of the sexual organ of a child younger than fourteen years of age by his finger. *See* Section 22.021(a)(1)(B), (a)(2)(B). As we discussed in our review of Newsome's seventh issue, A.D. testified that Newsome penetrated her sexual organ with his finger on two occasions: once when she was about to use the restroom at her Pawpaw's house and once on the bunk bed at her Pawpaw's house. A.D.'s mother testified that they lived at her Pawpaw's house from 2004 until early 2006. She also testified that A.D. was born on November 11, 1994, and turned eleven years old in 2005.

Newsome contends that the evidence was insufficient because the only evidence that showed that he committed the offense by penetration with his finger was A.D.'s testimony. That, coupled with the fact that the jury found him not guilty of the other five counts of aggravated sexual assault, including the allegation of digital penetration in Count Two, shows that the jury could not have found A.D. credible as to this count. Newsome also points to inconsistencies in the facts related by A.D. at trial and to the various persons with whom she spoke. However, the jury, as the trier of fact, was the sole judge of the credibility of the witnesses and of the weight to be given their testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (West 2007), art. 38.04 (West 1979). As such, the jury was entitled to accept or reject any or all of the testimony of any witness. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). Additionally, the complainant's testimony alone is sufficient to support a conviction for aggravated sexual assault of a child. TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2012); *Chapman v. State*, 349 S.W.3d 241, 245 (Tex. App.—Eastland 2011, pet. ref'd). We have reviewed the evidence in the light most favorable to the verdict, and we hold that a rational trier of fact could have found beyond a reasonable doubt that Newsome penetrated A.D.'s sexual organ with his finger. Newsome's first and second issues are overruled.

We need not address Newsome's third, fourth, fifth, and sixth issues because prevailing on any of these issues would afford Newsome no greater relief than is otherwise provided by our disposition of his seventh issue. TEX. R. APP. P. 47.1.

The question of whether we should render a verdict of acquittal or remand for a new trial is answered by Newsome as follows: because it is impossible to determine for which act of

digital penetration he was convicted and for which act he was acquitted, double jeopardy bars a new trial on either act. Newsome therefore asks us to reverse his conviction and render a judgment of acquittal. While we agree that it is impossible to determine for which act of digital penetration Newsome was convicted and for which act he was acquitted, we do not agree that it is appropriate for us to render a judgment of acquittal on Count One simply because double jeopardy may or may not bar a retrial on remand. A judgment of acquittal may only be rendered by an appellate court when the court finds that the evidence was legally insufficient to support the conviction. *Benavidez v. State*, 323 S.W.3d 179, 181 (Tex. Crim. App. 2010). At this point in time, the issue of whether double jeopardy bars a new trial is not ripe for our review.

Therefore, we reverse the judgment of the trial court and remand this cause to the trial court for further proceedings not inconsistent with this opinion.


JIM R. WRIGHT
CHIEF JUSTICE


September 27, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel[4] consists of: Wright, C.J.,
McCall, J., and Hill.[5]

---

[4]Eric Kalenak, Justice, resigned effective September 3, 2012. The justice position is vacant pending appointment of a successor by the governor or until the next general election.

[5]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.