**Opinion filed August 14, 2014**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-12-00202-CR

_____

## INEZ DELACRUZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 51st District Court**
**Tom Green County, Texas**
**Trial Court Cause No. A-11-0668-SB**

## M E M O R A N D U M   O P I N I O N

Inez Delacruz appeals his jury convictions for two counts of aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021 (West Supp. 2013). For each conviction, the jury assessed Appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of fifty-five years. In a single issue on appeal, Appellant argues that the trial court erred when it denied his motion for instructed verdict. We affirm.

## Standard of Review

A challenge to the trial court's denial of a motion for an instructed verdict or a motion for a directed verdict is treated as a challenge to the sufficiency of the evidence. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996); *Madden v. State*, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990) ("A challenge to the trial judge's ruling on a motion for an instructed verdict is in actuality a challenge to the sufficiency of the evidence to support the conviction.").

We review a sufficiency of the evidence issue, regardless of whether it is denominated as a legal or factual claim, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). In conducting a sufficiency review, we defer to the jury's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

## Background Facts

Appellant was charged by indictment with two counts of aggravated sexual assault of a child. The indictment alleged that, on or about October 5, 2010,

Appellant intentionally or knowingly caused the female sexual organ of J.T., a child under the age of fourteen, to contact Appellant's sexual organ. The indictment further alleged that, on or about October 10, 2010, Appellant intentionally or knowingly caused the anus of J.T. to contact Appellant's sexual organ.

Holly Pearson, J.T.'s third-grade math teacher, testified as an outcry witness in this case. Pearson recalled that, in the spring of 2011, she noticed that J.T. was not turning in her homework. When Pearson asked J.T. if she was okay, J.T. said "no." J.T. had difficulty talking to Pearson, so Pearson suggested that J.T. write her a note. J.T. and Pearson then had the following written conversation:

> J.T.: I'm having a hard time because my step-dad touched me in places I shouldn't be touched at
>
> Pearson: When did this happen?
>
> J.T.: last month
>
> Pearson: Has it happened a lot?
>
> J.T.: yes it [h]as.

As soon as class was over, Pearson called the police. Pearson later provided the police with J.T.'s note.

J.T., who was ten years old at the time of trial, testified that she knew Appellant as her "stepfather."[1] J.T. explained that Appellant used to live in her house and that he sometimes watched her and her siblings when her mother went to work. J.T. stated that Appellant sexually abused her on "many occasions." J.T. specifically recalled an incident that occurred one day when her mother was at work; during this incident, Appellant touched her unclothed buttocks and sexual

---

[1]J.T.'s mother testified that Appellant is her ex-boyfriend.

3

organ with his penis.[2]  J.T. noted that it hurt when Appellant put his penis on her "butt."

A sexual assault nurse examiner, Cathy Sparks, testified that she performed a sexual assault examination on J.T. on April 7, 2011.  Sparks recalled that, during the examination, J.T. told her that Appellant had touched her sexual organ and put "his privates inside" her after he put "some kind of jelly stuff on it."  J.T. also stated that Appellant told her not to tell anyone about the abuse or he would hurt her family.

Appellant testified that he moved in with J.T.'s mother in the spring of 2010 and noted that he took care of J.T. and her siblings on a few occasions.  Appellant denied J.T.'s accusations and stated that he never touched her inappropriately.

The jury found Appellant guilty of both charges of aggravated sexual assault of a child.  After Appellant pleaded true to the enhancement allegation that he had previously been convicted of the felony offense of aggravated assault with a deadly weapon, the jury assessed Appellant's punishment at fifty-five years' imprisonment for each conviction.

*Analysis*

Appellant bases his evidentiary challenge on the contention that his convictions were "based on hearsay testimony that should not have been admissible."  He contends that the testimony of Sparks that pertained to J.T.'s description of the incident constituted inadmissible hearsay.[3]  Thus, Appellant bases his evidentiary challenge on the premise that this court cannot consider Sparks's testimony offered at trial in evaluating the sufficiency of the evidence.

---

[2]J.T. used the word "cookie" to refer to her sexual organ, and the word "wee-wee" to refer to Appellant's penis.

[3]The State contends and Appellant acknowledges that Appellant did not object at trial to this testimony from Sparks.

This premise is invalid. When conducting a sufficiency review, we consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Clayton*, 235 S.W.3d at 778; *see Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011); *Neal v. State*, 256 S.W.3d 264, 277 (Tex. Crim. App. 2008).

When we assess the sufficiency of the evidence in cases involving child victims, we cannot expect the child victims to testify with the same clarity and ability that we would expect of a mature and capable adult. *See Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990). The Court of Criminal Appeals has recognized that expecting "such testimonial capabilities of children would be to condone, if not encourage, the searching out of children to be the victims of crimes such as the instant offense in order to evade successful prosecution." *Id.* Furthermore, the uncorroborated testimony of a child victim is sufficient to support a conviction for indecency with a child and for aggravated sexual assault. TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2013); *Chapman v. State*, 349 S.W.3d 241, 245 (Tex. App.—Eastland 2011, pet. ref'd). Corroboration of the victim's testimony by medical or physical evidence is not required. *Gonzalez Soto v. State*, 267 S.W.3d 327, 332 (Tex. App.—Corpus Christi 2008, no pet.); *see Cantu v. State*, 366 S.W.3d 771, 775–76 (Tex. App.—Amarillo 2012, no pet.); *Lee v. State*, 176 S.W.3d 452, 458 (Tex. App.—Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006).

Appellant was charged with causing his sexual organ to contact the complainant's female sexual organ and anus. The evidence showed that Appellant committed acts of penetration upon J.T. which necessarily encompasses contact. Sparks reported that J.T. told her that "[Appellant] puts his private inside of me. He puts some kind of jelly stuff on it. . . . It hurts." J.T. directly testified that

Appellant's "wee-wee" touched her "cookie," which she described as the front part of her body between her legs. With regard to her anus, J.T. testified that Appellant touched her "butt" with his "wee-wee" and that "it hurt." Viewing J.T.'s testimony in the light most favorable to the verdict, the jury could reasonably have equated "butt" with anus, especially since J.T. complained of pain caused by the contact. We conclude that a rational trier of fact could have found the elements of both offenses beyond a reasonable doubt. We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgments of the trial court.

JOHN M. BAILEY

JUSTICE

August 14, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

6