**Opinion filed March 29, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00076-CR

_____

## CHRISTOPHER ALBERT ANAYA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**
**Midland County, Texas**
**Trial Court Cause No. CR46751**

## M E M O R A N D U M   O P I N I O N

The jury convicted Christopher Albert Anaya of two counts of indecency with a child by contact, a second-degree felony offense. The jury assessed his punishment on each count at confinement for a term of twelve years in the Institutional Division of the Texas Department of Criminal Justice. The jury also assessed a $10,000 fine for each count.

Appellant brings four issues on appeal. He contends that (1) the evidence is insufficient to support his convictions, (2) the trial court erred in admitting into evidence testimony from multiple outcry witnesses, (3) the trial court erred when it failed to provide funds for an investigator, and (4) the trial court erred when it assessed costs and fees against Appellant because he is indigent. We modify and affirm.

*Background Facts*

A.I., the seven-year-old victim, lived in Midland with her mother, G.A.; A.I.'s three brothers; and her mother's boyfriend, Appellant. One evening, A.I. was lying in her mother's bed with her mother and C.I., A.I.'s eight-year-old brother. C.I. and G.A. were asleep. G.A. admitted that she had ingested K2, a synthetic marihuana that "knocks [her] out." G.A. testified that she did not remember what happened that night.

A.I. testified that, while she was on the bed, Appellant touched her "in [her] middle." A.I. subsequently pointed to her genital area when asked to point to where Appellant had touched her. A.I. testified that Appellant put his hand under her clothes and moved his hand in circles. Appellant then made A.I. touch "his middle parts" on top of his clothes with A.I.'s hand. A.I. testified that this conduct stopped when A.I. told Appellant that she needed to use the bathroom. After A.I. left her mother's room, A.I.'s eighteen-year-old sister, S.O., came over to the house around midnight. A.I. testified that she told S.O. what had happened with Appellant.

S.O. testified that A.I. told her about Appellant touching her genital area. S.O. then confronted both G.A. and Appellant. S.O. took A.I. back to her house. S.O. testified that A.I. was crying and "reacted . . . really hard." S.O. reported the incident to the police the next day. S.O. testified that A.I. lived with S.O. for the next couple of weeks and that, during that time, A.I. behaved very differently. A.I. would not go to the bathroom or take a shower by herself, and A.I. did not sleep very well.

2

Investigator Robert Garcia of the Midland County Sheriff's Office testified that he responded to a call from S.O.'s residence for a report of a sex offense. He briefly spoke to S.O. about the details of the incident. Investigator Garcia did not speak to A.I. Investigator Garcia testified that he later contacted S.O. to get Appellant's information, but S.O. advised Investigator Garcia that G.A. and Appellant left Midland and went to Lamesa. S.O. provided phone numbers to contact Appellant and G.A., but apparently there were not any minutes left on their phones. As a result, Investigator Garcia was not able to speak with Appellant or G.A.

Michael Margolis, a forensic interviewer, testified that he interviewed A.I. A.I. told Margolis that Appellant pushed her head down and put his tongue in her mouth. A.I. then said that Appellant made her rub "it" on top of his clothes. A.I. demonstrated "with her hand over her groin and vagina area in a circular motion." Margolis testified that A.I. described "it" as "[h]is thing down there."

Dana Taylor, a sexual assault nurse examiner, testified that she conducted a SANE exam of A.I. Taylor testified that she did not notice any visible injuries but that the lack of visible injuries did not indicate that an offense did not occur.

*Sufficiency of the Evidence*

In his first issue, Appellant contends that the evidence is insufficient to support his conviction. Appellant asserts that the only evidence presented regarding the offenses came from the child victim who was not credible. He contends that A.I. was not competent to testify and that her testimony was inconsistent.

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense

3

beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). When conducting a sufficiency review, we consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

A person commits the offense of indecency with a child by contact if the person engages in sexual contact with a child who is younger than seventeen. TEX. PENAL CODE ANN. § 21.11(a)(1) (West Supp. 2018). "Sexual contact" is any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child, if committed with the intent to arouse or gratify the sexual desire of any person. *Id.* § 21.11(c)(1). The specific intent to arouse or gratify the sexual desires of a person may be inferred from the surrounding circumstances. *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981).

The uncorroborated testimony of a child victim is sufficient to support a conviction for indecency with a child. TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2018); *Martinez v. State*, 178 S.W.3d 806, 814 (Tex. Crim. App. 2005) (noting that Article 38.07 deals with the sufficiency of evidence required to sustain a conviction for certain sexual offenses); *Chapman v. State*, 349 S.W.3d 241, 245 (Tex. App.—Eastland 2011, pet. ref'd). The State has no burden to produce any

4

corroborating or physical evidence. *Martines v. State*, 371 S.W.3d 232, 240 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *see also Lee v. State*, 176 S.W.3d 452, 458 (Tex. App.—Houston [1st Dist.] 2004) ("The lack of physical or forensic evidence is a factor for the jury to consider in weighing the evidence."), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006). Likewise, a child victim's outcry statement alone can be sufficient to support a sexual assault conviction. *See Jones v. State*, 428 S.W.3d 163, 169 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Tear v. State*, 74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. ref'd).

In count one of the indictment, Appellant was charged with engaging in sexual contact with A.I. by touching her genitals. In count two, Appellant was charged with engaging in sexual contact with A.I. by causing A.I. to touch Appellant's genitals.

Based upon A.I.'s testimony alone, a rational trier of fact could have found beyond a reasonable doubt that Appellant engaged in sexual contact with A.I. by touching her genitals and by causing A.I. to touch Appellant's genitals. It was the jury's sole responsibility to determine if A.I. was credible. *See Brooks*, 323 S.W.3d at 899. To the extent there were any inconsistencies in A.I.'s testimony, it was the jury's duty to resolve those inconsistencies. *See Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. We presume that the jury resolved any conflicts in favor of the verdicts, and we defer to that determination in reviewing the sufficiency of the evidence. *See Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778. We overrule Appellant's first issue.

*Erroneous Admission of Evidence*

In his second issue, Appellant contends that the trial court erred in permitting more than one outcry witness to testify at trial. Appellant asserts that G.A. was the proper "outcry" witness because G.A. was the first adult that A.I. told about the alleged offenses. Furthermore, Appellant asserts that only one outcry witness should have been permitted because both counts were part of the same event. We disagree.

A trial court has broad discretion to determine the admissibility of outcry evidence, and we will not disturb its determination as to the proper outcry witness absent a showing in the record that the trial court clearly abused its discretion. *See Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990); *Smith v. State*, 131 S.W.3d 928, 931 (Tex. App.—Eastland 2004, pet. ref'd). We will uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991).

Article 38.072 provides for an exception to the hearsay rule for outcry testimony. CRIM. PROC. art. 38.072, § 2. This exception applies if a child makes a statement describing the alleged offense so long as the statements "were made to the first [adult] person . . . to whom the child . . . made a statement about the offense." *Id.* § 2(a)(3); *see Bays v. State*, 396 S.W.3d 580, 585 (Tex. Crim. App. 2013). A trial court has broad discretion in determining the admissibility of outcry witness testimony. *Garcia*, 792 S.W.2d at 92. We will uphold the trial court's decision unless a clear abuse of discretion is established by the record. *Id.*

As mentioned above, Appellant was tried for two offenses—two counts of indecency with a child by contact. *See* PENAL § 21.11(a)(1). The first count charged Appellant with indecency with a child by contact for touching A.I.'s genitals. The second count charged Appellant with indecency with a child by contact for causing A.I. to touch Appellant's genitals. We first address whether G.A. was the proper "outcry" witness for count one. A proper outcry statement must describe the alleged offense in some discernible manner and must be more than a general allusion that something in the area of child abuse occurred. *Garcia*, 792 S.W.2d at 91. Furthermore, any statement that "arguably relates" to something that later evolves into an allegation of child abuse will not satisfy the requirements of the statute. *Id.* A.I.'s statement to G.A. did not contain specific details about the alleged offense and, thus, does not describe an offense. *See id.* Accordingly, the trial court did not

abuse its discretion when it found that S.O. was the proper "outcry" witness for count one.

Next, we address whether A.I.'s outcry to S.O. regarding count one concerned a different offense than A.I.'s outcry to Margolis regarding count two. Hearsay testimony from more than one outcry witness may be admissible if the witnesses testify about different events and not simply repetition of the same event told to different individuals. *Lopez v. State*, 343 S.W.3d 137, 140 (Tex. Crim. App. 2011); *Broderick v. State*, 35 S.W.3d 67, 73–74 (Tex. App.—Texarkana 2000, pet. ref'd); *see* CRIM. PROC. art 38.072. Thus, admissible outcry witness testimony is event-specific, not person-specific. *Lopez*, 343 S.W.3d at 140; *Broderick*, 35 S.W.3d at 73–74.

S.O. testified that she was the first person over the age of eighteen that A.I. told about Appellant touching A.I.'s genitals. Margolis testified that he was the first person over the age of eighteen that A.I. told about Appellant making A.I. touch Appellant's genitals. Thus, A.I.'s initial outcry to S.O. did not address A.I. touching Appellant's genitals, while her subsequent outcry to Margolis did address her touching Appellant's genitals.

"A person who commits more than one sexual act against the same person may be convicted and punished for each separate and discrete act, even if those acts were committed in close temporal proximity." *Aekins v. State*, 447 S.W.3d 270, 278 (Tex. Crim. App. 2014). "The key is that one act ends before another act begins." *Id.* "The defendant might touch a child's breast; then he touches her genitals. Two separate acts, two separate impulses, two separate crimes." *Id.* The Court of Criminal Appeals gave the following example in *Aekins* concerning simultaneous events: "In a pat-your-head-while-rubbing-your-stomach case, one might touch the victim's breast with one hand while simultaneously touching her sexual organ with the other hand. Those are two separate and distinct sexual assaults even though they

occur at the same time." *Id.* n.35. Applying the example from *Aekins* to the charges in this case, Appellant was charged with two separate crimes irrespective of whether they occurred simultaneously or in close temporal proximity. Accordingly, the trial court did not abuse its discretion when it permitted both S.O. and Margolis to testify as outcry witnesses about separate offenses. We overrule Appellant's second issue.

*Failure to Provide Investigative Funds*

In his third issue, Appellant contends that the trial court erred when it failed to provide funds for an investigator. Appellant filed a "Motion for Appointment of a Private Investigator" asserting as follows: "There is significant investigation to be done in determining the facts of the case and in interviewing witnesses. Counsel requires the assistance of an investigator so that he may provide adequate and effective assistance of counsel to Defendant as required by the Sixth Amendment to the United States Constitution." The State contends that Appellant failed to preserve this issue for appellate review. Appellant fails to point out—and we have not found—any evidence in the record that (1) Appellant asked the trial court to rule on this motion, (2) the trial court refused to rule on the motion, or (3) Appellant subsequently lodged an objection to the trial court's failure to rule on the motion. Accordingly, we agree with the State's contention.

Texas Rule of Appellate Procedure 33.1 governs the preservation of appellate complaints. *See* TEX. R. APP. P. 33.1. To preserve error for appellate review under Rule 33.1, the record must show that (1) the complaining party made a timely and specific request, objection, or motion and (2) the trial court either ruled on the request, objection, or motion (expressly or implicitly), or it refused to rule and the complaining party objected to that refusal. *See Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003). Failure to preserve the error at trial forfeits the later assertion of that alleged error on appeal. *Fuller v. State*, 253 S.W.3d 220, 232 (Tex.

Crim. App. 2008) (citing *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999)).

Appellant contends that the trial court committed fundamental error by not acting on Appellant's request for funds for an investigator. We disagree. The Court of Criminal Appeals has identified a limited number of errors in three categories that are considered "fundamental." They are (1) the denial of absolute, systemic requirements, (2) the violation of rights that are waivable only, and (3) errors recognized by the legislature as fundamental. *See Saldano v. State*, 70 S.W.3d 873, 887–88 (Tex. Crim. App. 2002) (citing *Marin v. State*, 851 S.W.2d 275, 279–80 (Tex. Crim. App. 1993)). Appellant's motion for funds for an investigator does not involve a claim of fundamental error as evidenced by the matters enumerated in *Saldano* as constituting fundamental error.

Moreover, even if Appellant preserved error, the record does not show that the trial court erred. A defendant seeking funds for expert assistance must offer more than "undeveloped assertions that the requested assistance would be beneficial." *Moore v. State*, 935 S.W.2d 124, 130 (Tex. Crim. App. 1996). We overrule Appellant's third issue.

### Assessment of Court Costs and Fees

In his fourth issue, Appellant contends that the trial court erred when it assessed court costs and fees against him, including fees for his court-appointed attorney, because he is indigent. The district clerk issued a single Bill of Cost that lists the total cost in the amount of $23,860,[1] which included a $3,425 "COURT APPOINTED ATTORNEY" fee. We note at the outset that the State has agreed with Appellant's contention that the assessment of attorney's fees should be stricken

---

[1]The bulk of the "amount due" from Appellant in the Bill of Cost is $20,000 in fines assessed against Appellant. Appellant is not contesting this assessment of the fines.

because there has been no change in his indigency status. *See* C<small>RIM</small>. P<small>ROC</small>. arts. 26.04(p), 26.05(g); *Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013) (An indigent defendant may not be ordered to pay court-appointed attorney's fees absent a factual determination of a material change in his financial circumstances.). Based on the State's concession and the absence of a factual determination of a material change in Appellant's financial circumstances, we agree that the Bill of Cost should be reduced by the amount of the court-appointed attorney's fees in the amount of $3,425.

Appellant also contends that the assessment of $435 in court costs against him should be deleted because he is indigent. However, indigent criminal defendants are not excused from paying mandatory court costs. *See Allen v. State*, 426 S.W.3d 253, 259 (Tex. App.—Texarkana 2013, no pet.); *Williams v. State*, 332 S.W.3d 694, 700 (Tex. App.—Amarillo 2011, pet. denied). Thus, Appellant's indigency status does not excuse the assessment of the other court costs. Accordingly, we sustain Appellant's fourth issue in part, and we overrule it in part.

### *This Court's Ruling*

Having sustained Appellant's fourth issue in part, we modify the Bill of Cost to reflect that the amount due from Appellant is reduced from $23,860 to $20,435. As modified, we affirm the judgments of the trial court. *See* T<small>EX</small>. R. A<small>PP</small>. P. 43.2(b).

March 29, 2019                                           JOHN M. BAILEY

Do not publish. *See* T<small>EX</small>. R. A<small>PP</small>. P. 47.2(b).        CHIEF JUSTICE

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.