

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00002-CR

_____

MARCUS BARRIOS, APPELLANT

V.

THE STATE OF TEXAS

On Appeal from the 364th District Court
Lubbock County, Texas,
Trial Court No. 2019-418,748, Honorable William R. Eichman II, Presiding

July 29, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Appellant, Marcus Barrios, was convicted following a jury trial of continuous sexual abuse of a child and was assessed an enhanced sentence of confinement for life without parole.[1] In a single issue, Appellant asserts the State's evidence at trial was legally insufficient to convict him. We disagree with Appellant and affirm the judgment.

---

[1] See TEX. PENAL CODE ANN. § 21.02 (West 2019).

Background

In November 2019, Appellant was indicted for committing two or more acts of sexual abuse against J.F., a child younger than fourteen years of age. The indictment alleged that from May 2010 through May 2017, Appellant committed three counts of indecency by contact with J.F. and four counts of aggravated sexual assault. *See* TEX. PENAL CODE §§ 21.11, 22.021.

In December 2019, a four-day jury trial was held. The State's evidence showed that in May 2017, J.F. was living with her mother, stepfather (Appellant),[2] and sister. The family had returned to their home from a barbeque when Appellant, angry, stormed out of the house. J.F. and her sister spoke to each other and agreed to tell their mother how they felt about their parents arguing and about Appellant's sexual abuse of the two children. J.F.'s sister told their mother Appellant had fondled her breasts and took them in his mouth after she had taken a bath. J.F. told her mother Appellant had been sexually abusing her for years, including acts of anal and vaginal penetration.[3] The girls' mother called the police. Investigating officers gathered J.F.'s sheets, which upon testing showed the presence of Appellant's semen.

J.F. and her sister were taken to the Children's Advocacy Center for an interview and examination. Terri Sanchez, a forensic interviewer, found J.F. to be engaging, friendly, and talkative. Sanchez also described J.F.'s sister as engaging and talkative,

---

[2] At trial, Appellant was in his late forties.

[3] J.F. also alleged Appellant first exposed himself to her when she was ten years old.

and who maintained good eye contact and stayed on track. J.F.'s and her sister's accounts of sexual abuse by Appellant were consistent with their earlier outcries.

J.F. was examined by Loli Reyna, a sexual assault nurse examiner (SANE). J.F. detailed several acts of sexual abuse by Appellant that had been occurring for years. Reyna noted that J.F.'s genitalia had suffered multiple lacerations that were consistent with the sexual acts alleged against Appellant. J.F. suffered a deep laceration to her anus and extensive injury to her rectum. Reyna indicated J.F.'s injuries were consistent with sexual abuse.

In addition to testimony from J.F.'s mother, sixteen-year-old J.F. took the stand to testify about her abuse by Appellant. J.F. provided a detailed account of the escalating sexual abuse she endured for more than six years. She testified that Appellant taught her how to masturbate him, that the two took turns engaging in oral sex, and how they engaged in anal and vaginal sex on a regular basis. J.F. testified that Appellant would wipe his ejaculate on her bedding[4] or clothes. J.F. said she had told no one because she was embarrassed, and scared Appellant would hurt her.

Thereafter, the jury found Appellant guilty and sentenced him to confinement for life without parole. On appeal, Appellant contends the State's evidence was insufficient to convict him because (1) J.F.'s motivation for making her outcry was her disappointment in her mother not leaving her marriage with Appellant; (2) J.F.'s testimony was indicative of a manic episode due to a bipolar disorder; (3) J.F.'s motive for making an outcry to her

---

[4] Forensic evidence reveals Appellant's semen was found on one of J.F.'s red sheets. J.F. used the term "blankets" to describe the material J.F. would use for cleaning up his ejaculate and the bedding taken by the state for forensic testing. This semantic difference was resolved by the jury as a part of the assessment of the evidence.

mother was anger; (4) Reyna's findings and testimony do not establish with certainty that J.F. was sexually assaulted; and (5) J.F.'s testimony was generally not credible.

## Legal Sufficiency—Standard of Review

We apply only one standard to evaluate the evidentiary sufficiency to support a criminal conviction beyond a reasonable doubt: legal sufficiency. *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). Under this standard, we examine all the evidence adduced at trial in the light most favorable to the verdict to determine whether any reasonable juror could have found the essential elements of the offense beyond a reasonable doubt. *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). In a legal sufficiency review, circumstantial evidence is as probative as direct evidence; a conviction can be supported solely by circumstantial evidence. *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010). Although we consider all the evidence admitted at trial, we do not reevaluate the weight and credibility of the evidence, nor do we substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). "When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination." *Murray*, 457 S.W.3d at 448-49.

To establish Appellant committed the offense of continuous sexual abuse of a child, the State was required to prove beyond a reasonable doubt that Appellant, during a period of time thirty or more days in duration, committed at least two acts of sexual abuse against J.F., a child younger than fourteen years of age, while he was at least

4

seventeen years of age at the time of each of the acts. *See* TEX. PENAL CODE ANN. § 21.02(b) (West 2019). An "act of sexual abuse" is defined as including an act that constitutes the offenses of indecency with a child; *id.* § 21.11(a),(c), and aggravated sexual assault. *Id.* § 21.02(c)(2 & 4); *see id.* § 22.021(a)(1)(B) (West 2019) (enumerating acts that constitute an offense of indecency with a child and aggravated sexual assault including causing penetration of a child's anus or sexual organ, causing penetration of child's mouth by actor's sexual organ, and causing child's sexual organ, anus, or mouth to contact or penetrate the mouth, anus, or sexual organ of another person). The State need not prove the exact dates of the abuse, only that "there were two or more acts of sexual abuse that occurred during a period that was thirty or more days in duration." *Brown v. State*, 381 S.W.3d 565, 574 (Tex. App.—Eastland 2012, no pet.); *Lane v. State*, 357 S.W.3d 770, 773-74 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).

## Analysis

Appellant challenges his conviction by questioning J.F.'s motivation for her outcry, theorizing her allegations were the result of a manic episode, contending she was not a credible witness, and attacking Reyna's inability to testify with certainty that J.F.'s injuries were caused by sexual intercourse. The uncorroborated testimony of a child victim is sufficient to support a conviction for indecency with a child as well as aggravated sexual assault. TEX. CODE CRIM. PROC. ANN. art. 38.07(a) (West Supp. 2020); *Martinez v. State*, 178 S.W.3d 806, 814 (Tex. Crim. App. 2005) (noting that article 38.07 deals with the sufficiency of evidence required to sustain a conviction for certain sexual offenses); *Chapman v. State*, 349 S.W.3d 241, 245-46 (Tex. App.—Eastland 2011, pet. ref'd). The State has no burden to produce any corroborating or physical evidence. *Martinez v.*

5

*State*, 371 S.W.3d 232, 240 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *see also Lee v. State,* 176 S.W.3d 452, 458 (Tex. App.—Houston [1st Dist.] 2004) ("The lack of physical or forensic evidence is a factor for the jury to consider in weighing the evidence."), *aff'd,* 206 S.W.3d 620 (Tex. Crim. App. 2006). Likewise, a child victim's outcry statement alone can be sufficient to support a sexual assault conviction. *See Jones v. State*, 428 S.W.3d 163, 169 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Tear v. State*, 74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. ref'd).

Although J.F.'s testimony at trial, by itself, was sufficient evidence to convict Appellant, additional evidence also supported a finding of guilt. J.F.'s outcry to her mother, the consistent testimony from Reyna, the SANE exam results, and the results of forensic testing all support the jury's verdict. We decline Appellant's invitation to become a thirteenth juror. *See Dewberry v.* State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Although we consider all the evidence admitted at trial, we do not reevaluate the weight and credibility of the evidence, nor do we substitute our judgment for that of the factfinder. *Williams*, 235 S.W.3d at 750. *See Cain v. State*, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997) (determination of what weight to give contradictory testimonial evidence is within the sole province of the jury, as it turns on an evaluation of credibility and demeanor). Appellant merely proffers alternative interpretations of the evidence that the jury possessed the power to consider and accept or reject. "When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination." *Murray*, 457 S.W.3d at 448-49. To the extent there were inconsistencies in the evidence, it was the jury's duty to resolve those inconsistencies. *See Jackson*, 443 U.S. at 319. We overrule Appellant's single issue.

6

## Conclusion

The trial court's judgment is affirmed.

Lawrence M. Doss
Justice

Do not publish.